In the Matter of the Application of CITY BANK FARMERS TRUST COMPANY and EDWARD G. BURGHARD, as Surviving Executors, and CHARLES G. PROFFITT, as Successor Executor, etc., of MADELEINE L. OTTMANN, Deceased, Petitioners, against MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, November 12, 1941.

*Chambers, Clare & Morris* [*Francis C. Leffler* of counsel], for the petitioners.

, *John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown* and *John C. Crary, Jr., Assistant Attorneys-General*, of counsel], for the respondents.

FOSTER, J. The issue in this case is whether an estate may claim it has sustained a loss deductible for income tax purposes because it received in payment of a residuary legacy an amount less than that at which such interest was appraised for transfer tax purposes.

The facts are these. One George Ehret died in 1927, leaving a will by which a one-seventh interest in his residuary estate was given to his daughter, Madeleine L. Ottmann. She died on May 4,

1930, and at that time the administration of the Ehret estate was not complete and her share had not been fully paid. Mrs. Ottmann's remaining interest in her father's estate thereupon passed to her own estate and was appraised for transfer tax purposes at $627,041.56. The total amount of this interest as ascertained and finally paid in 1936 was $550,598.88, or $76,442.68 less than its appraised value in the transfer tax proceeding. This last-mentioned amount was claimed as a bad debt, and, therefore, deductible, on fiduciary and income tax returns filed for the year 1936 by the executors of Mrs. Ottmann's estate. The respondent Tax Commission disallowed the deduction and assessed an additional tax on the ground that the difference between the appraised value of the interest of a residuary legatee in an estate and the amount received does not constitute a bad debt under article 16 of the Tax Law. Upon an application for revision the respondent adhered to its decision and the matter comes to us for review under the Tax Law and article 78 of the Civil Practice Act. Obviously only a question of law is presented.

Under paragraph c of subdivision 2 of section 359 of the Tax Law property acquired by bequest is excepted from the term gross income and is, therefore, not taxable. It follows that if there had been any gain in the assets of the Ehret estate, prior to distribution to the Ottmann estate, the same passed as a part of the corpus to her estate and was not taxable against her estate as income. It would seem rather elementary that if there is no income in the case of a gain there can be no deductible loss in a case where the corpus paid is not equal to the appraised value.

Petitioners do not now rely upon the claim of a bad debt, but upon the broad proposition of a deductible loss, and cite the tax statutes as they were applicable for the year 1936. Section 360 of the Tax Law provided for deductions to be allowed in the computation of net income. Subdivision 4 of this section covered losses incurred in trade or business, and fixed the basis for determining the amount of the deduction under such subdivision, and also subdivisions 5 and 6 of the same section, as that provided in section 353 of the Tax Law for determining the gain or loss from the sale or other disposition of property. Subdivision 5 (as amd. by Laws of 1935, chap. 285) covered " Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the taxpayer's trade or business; * * *." Section 353 of the Tax Law, which covered the method of ascertaining a gain or loss, provided in subdivision 5: " If the property was acquired by bequest, devise, or inheritance, or by the decedent's

estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. * * * In case such property has been appraised (a) pursuant to article ten, ten-a or ten-c of this chapter, or (b) for death tax purposes by the State of domicile of the transferor, or (c) for the purpose of the United States estate tax, the appraised value shall be presumed to be the fair market value at the date as of which the appraisal was made, but if appraised as of the same date for more than one of such purposes, the appraisal for the purpose first specified shall be presumed to be the fair market value."

It seems to be the position of petitioners that the deduction claimed comes under subdivision 5 of section 360 of the Tax Law, that is, a loss incurred in any transaction entered into for profit though not connected with the taxpayer's trade or business; and that the method of ascertaining such loss is that provided in subdivision 5 of section 353, just quoted in part.

We do not think that a fair construction of the statute sustains this position. Failure by the Ottmann estate to realize the appraised value of a residuary legacy was not a transaction entered into for profit within the meaning of the statute. This court has once said, in deciding that certain tax regulations were inapplicable: " It is only a gain in the hands of the executors after acquisition by them, by ' sale or other disposition of property ' by them, which can properly be deemed income to the estate." (*People ex rel. Whitney* v. *Loughman*, 226 App. Div. 108, 110; affd., 251 N. Y. 544.) It is true that such regulations were thereafter embodied in the statute but the principle remains the same. The statute was quite obviously designed to afford a definite basis for determining a loss or gain where specific property is disposed of after it has been acquired, and has no application otherwise. It would have been applicable if petitioners had disposed of assets after they became a part of the Ottmann estate, but not to their mere receipt.

The determination of the State Tax Commission should be confirmed, with fifty dollars costs and disbursements.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Determination of the State Tax Commission confirmed, with fifty dollars costs and disbursements.